J-S09026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE TYKI DAVIS | : | |
| | : | |
| Appellant | : | No. 2432 EDA 2025 |

Appeal from the Judgment of Sentence Entered September 9, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001257-2024

BEFORE: MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.: **FILED APRIL 7, 2026**

Tyrone Tyki Davis ("Davis") appeals *pro se* from the judgment of sentence imposed following his non-jury trial convictions of two counts of driving under the influence ("DUI") and one count of turning movements and required signals.[1] We affirm.

Following a vehicle stop for erratic driving, police arrested Davis and charged him with the above offenses. The trial court held a suppression hearing and denied Davis' motion to suppress all evidence from the vehicle stop. At the commencement of the non-jury trial, the trial court permitted Davis to proceed *pro se* with standby counsel. The trial court found Davis guilty of all charges and imposed a sentence of six months' probation.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. § 3802(a)(1) (general impairment), (d)(3) (controlled substances), 3334(a).

Standby counsel filed a post-sentence motion, but the trial court dismissed it at Davis' request. Davis filed a timely notice of appeal and a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Davis raises the following issues for our review:

1. Whether the trial court erred in denying [Davis's] motion to suppress where the traffic stop was not supported by reasonable suspicion or probable cause.

2. Whether internally inconsistent and contradictory officer testimony renders findings of reasonable suspicion legally insufficient.

3. Whether all evidence obtained following an illegal traffic stop must be suppressed as fruit of the poisonous tree.

4. Whether a blood alcohol concentration below the legal limit is insufficient to sustain a conviction for DUI-alcohol.

5. Whether the odor of marijuana alone, in light of lawful medical marijuana use, establishes probable cause to expand a traffic stop.

Davis' Brief at unnumbered 6 (unnecessary capitalization omitted).

As a threshold matter, we observe that the certified record contains no transcripts of Davis' suppression hearing, non-jury trial, or sentencing. "The fundamental tool for appellate review is the official record of the events that occurred in the trial court." **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa Super. 2006) (*en banc*) (citation omitted). "In the absence of an adequate certified record, there is no support for an appellant's arguments, and thus, there is no basis on which relief could be granted." **Id**. at 7.

"It is an appellant's responsibility to make certain that the certified record contains all items necessary to ensure that this [C]ourt is able to review his claims." *Commonwealth v. Walker*, 348 A.3d 1233, 1237 (Pa. Super. 2025) (citation omitted). "[T]he Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues on appeal." *Id*.; *see also* Pa.R.A.P. 1911(a) (providing an "appellant *shall* request any transcript required") (emphasis added). When an appellant fails to comply with Pa.R.A.P. 1911:

> any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

*Preston*, 904 A.2d at 7. "Under Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants," and their *pro se* status "confers no special benefit." *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (citations omitted).

Here, there is no indication that Davis made any effort to comply with Rule 1911. There are no requests for transcripts attached to his notice of appeal. In his fifteen-page *pro se* brief, Davis challenges the trial court's denial of his motion to suppress and the sufficiency of the evidence at trial, but does not cite to, or make any reference to, the notes of testimony.

In its Pa.R.A.P. 1925(a) opinion, the trial court reasoned, "Based on the issues raised by [Davis], a review of the trial and sentencing transcripts is

necessary. The lack of these transcripts prevents [the trial court] from providing a meaningful opinion pursuant to Pa.R.A.P. 1925(a)." Trial Court Opinion, 12/1/25, at 1.

We conclude that without an adequate certified record, there is no support for Davis' arguments and therefore no basis upon which we could grant relief. **See Preston**, 904 A.2d at 6. Since we are unable to review Davis' claims without the transcripts, his claims are waived. **See id**. at 7. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2026